Filed 3/11/15  Rosenberg v. Super. Ct. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SANDRA ROSENBERG,<br><br>    Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>    Respondent;<br><br>MERIDIAN BAY HOMEOWNERS ASSOCIATION,<br><br>    Real Party in Interest. | A143254<br><br>(San Mateo County<br>Super. Ct. No. CIV 515707) |

**BY THE COURT:[1]**

Petitioner is the plaintiff in a lawsuit against certain board members of her condominium complex and the Meridian Bay Homeowners Association (Meridian Bay or the HOA), the real party in interest.  In October 2012, she served discovery requests on Meridian Bay seeking, among other things, communications between the HOA and its property manager.  Meridian Bay has resisted producing dozens of such communications, asserting they are attorney work product or attorney-client privileged.

In June 2013, in response to plaintiff's motion to compel, the trial court ordered Meridian Bay to produce 81 documents for a special master's evaluation of the HOA's privilege allegations.  Upon reviewing the documents in camera, the special master

---

[1] Before Kline, P.J., Richman, J., and Stewart, J.

1

recommended that some of them be produced in full, some in part, and that some be withheld as privileged. The superior court largely adopted these recommendations, observing correctly in its order that defendants' fourth amended privilege log did not contain sufficient facts to substantiate their privilege claims. In particular, the superior court noted, an "entire email chain is not privileged solely because one email within the chain warrants the privilege."

The HOA filed an untimely petition seeking writ relief from this court. On May 5, 2014, we issued a peremptory writ of mandate directing the superior court to vacate its order because the Supreme Court has interpreted Evidence Code section 915 to prohibit the wholesale review, even in camera, of information claimed to be privileged in order to review the claim of privilege. (*Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal. 4th 725 (*Costco*); Evid. Code, § 915.) Being careful to note that "we express no opinion on the merits of petitioners' assertions that the documents are privileged or otherwise not discoverable," we directed the superior court to "conduct a new hearing in compliance with *Costco* . . . and its progeny."

After calling for briefing and scheduling several hearings, but never holding one, the superior court simply reversed its first order, and denied petitioner's motion to compel in its entirety. We shall issue a peremptory writ of mandate directing the trial court to vacate its August 28, 2014 order, and to comply with our initial direction.[2] We take this opportunity to give further instructions.

---

[2] A peremptory writ in the first instance is appropriate in this case. Our Supreme Court has instructed "that a peremptory writ of mandate or prohibition [may] not issue in the first instance unless the parties adversely affected by the writ have received notice, from the petitioner or from the court, that the issuance of such a writ in the first instance is being sought or considered. In addition, an appellate court, absent exceptional circumstances, should not issue a peremptory writ in the first instance without having received, or solicited, opposition from the party or parties adversely affected." (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180.) Both requirements are met here, as the prayer in the petition sought a peremptory writ in the first instance and we have received opposition from the real party.

*Costco* does not hold, and we did not intend to suggest by our May 2014 order, that *in camera* review of any document a party claims to be privileged is forbidden. Instead, *Costco* holds the court must make an initial assessment of the facts supporting the claim of privilege. If the facts substantiate the claim *prima facie*, then a presumption of privilege attaches and in camera review is improper. (The letter at issue in *Costco*, for example, was not properly subject to in camera review because it was undisputedly an advice letter from an attorney to her client.)

The court makes this initial determination by reading the privilege log. If, as in this case, the information provided there is too vague to enable this assessment, the court may order a more detailed privilege log[3] or take evidence or testimony to ensure that the privilege applies. As *Costco* explains: there is a "critical distinction between holding a hearing to determine the validity of a claim of privilege and requiring disclosure at the hearing of the very communication claimed to be privileged. Evidence Code section 915, while prohibiting examination of assertedly privileged information, does not prohibit disclosure or examination of *other* information to permit the court to evaluate the basis for the claim, such as whether the privilege is held by the party asserting it." (*Costco*, *supra*, 47 Cal. 4th at p. 737.)

In conducting this inquiry, the court must remember that "evidentiary privileges [such as the attorney-client privilege] should be narrowly construed because they prevent the admission of relevant and otherwise admissible evidence" from coming to light. (*McKesson HBOC, Inc. v. Superior Court* (2004) 115 Cal.App.4th 1229, 1236; *People v. Sinohui* (2002) 28 Cal.4th 205, 212.) Evidence that is not presumptively privileged may be ordered produced. In that case, the party resisting production may request an in camera examination of the evidence in order to substantiate its claim of privilege. (*Costco*, *supra*, 47 Cal.4th at pp. 738-739.)

---

[3] We note this tack may be exhausted here, with Meridian Bay's fourth amended privilege log at issue.

Accordingly, let a peremptory writ of mandate issue commanding respondent superior court to vacate its August 28, 2014 order denying discovery, to examine real party's privilege claims as outlined above, and to issue a properly-considered order within 30 days. To prevent further delays in the superior court proceedings, this decision shall be final as to this court three days after its filing. (Cal. Rules of Court, rule 8.490(b)(2)(A).)